IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA BRASSELL,

      Plaintiff,

vs.                                                   Civ. No. 22-802 KK/SCY

CITY OF SANTA ROSA, in its official capacity,
and JOSE CAMPOS III, in his individual capacity,

      Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

Defendants move for "a stay of all proceedings in this matter pending resolution, including any potential interlocutory appeal, of Defendants' Motion to Dismiss and for Qualified Immunity." Doc. 16 (motion to stay). Contemporaneously, Defendants filed a motion to dismiss, arguing in part for qualified immunity from Plaintiff's Section 1983 claims. Doc. 15. Plaintiff opposes the motion to dismiss and the motion to stay proceedings. The Court grants the motion to stay discovery pending resolution of the motion to dismiss, but not to stay all proceedings.

"[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (internal citation omitted). Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (reasoning that because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"). Reaffirming its long-

held view that discovery should be stayed when qualified immunity is asserted, the United States Supreme Court in *Ashcroft v. Iqbal*, reasoned as follows:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . . There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government . . . .

556 U.S. 662, 685 (2009).

Plaintiff argues that the Court should not stay all discovery because granting qualified immunity to one defendant would not resolve the entire case. Doc. 18 at 2. This argument is, however, directly contrary to the Supreme Court's instructions that *all* discovery should be stayed upon the assertion of qualified immunity, even for those defendants not asserting the defense. *Iqbal*, 556 U.S. at 685. *Iqbal* explains that

> [i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* at 685-86. In addressing the same argument as the one Plaintiff presently raises, Judge Sweazea held that "[t]he Court is bound by Supreme Court and Tenth Circuit precedent that requires a stay of all discovery when a qualified immunity defense is raised, and standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised." *Mathis v. Centurion Corr. Healthcare of New Mexico, LLC*, No.

1:22-CV-20 JCH/KRS, 2022 WL 1987713, at *1 (D.N.M. June 6, 2022) (citing *Higgins v. Saavedra*, 2017 WL 1437317, at *1 (D.N.M.)). The Court agrees with this assessment.

Plaintiff relies on a case from the District of Colorado, *Estate of Melvin by & through Melvin v. City of Colorado Springs, Colorado*, No. 20cv991, 2022 WL 3975003, *1 (D. Colo. Sept. 1, 2022). This case reasoned that when defendant officials ask for a stay of discovery very late in the case, after most discovery has already been conducted, the interest in protecting public officials from the burden of discovery is diminished. *Id.* at *2. Even if this Court agreed with that reasoning, it would not apply here, where the defendant official is moving for qualified immunity at the outset of the case.

For these reasons, the Court GRANTS in part the Defendants' Motion To Stay On The Basis Of Qualified Immunity (Doc. 18). The Court stays discovery pending decision on the Motion to Dismiss (Doc. 15). The breadth of the Defendants' request to stay *all proceedings*, however, is less clear. The parties have not completed briefing on the recently filed qualified immunity motion and will clearly continue to litigate that issue. Thus, what litigation other than discovery the Defendants seek to stay is ambiguous. If Defendants seek to stay litigation beyond discovery, they must file a separate motion specifically identifying the aspects of the case they seek to stay.

**IT IS SO ORDERED.**

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**